FILED

**NOT FOR PUBLICATION**

NOV 18 2019

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

CHRISTOPHER M. WOOD,

Plaintiff-Appellant,

v.

ANDREW M. SAUL, Commissioner of
Social Security,

Defendant-Appellee.

No. 17-35322

D.C. No. 2:16-cv-01163-RBL

MEMORANDUM[*]

Appeal from the United States District Court
for the Western District of Washington
Ronald B. Leighton, District Judge, Presiding

Submitted November 14, 2019 [**]

Before: FARRIS, TROTT, and SILVERMAN, Circuit Judges

Christopher Wood appeals the district court's order affirming the Social

Security Administration's denial of disability benefits. We have jurisdiction

pursuant to 28 U.S.C. § 1291. We review the district court order de novo and the

---

[*] This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

[**] The panel unanimously concludes this case is suitable for decision
without oral argument. See Fed. R. App. P. 34(a)(2).

agency decision for substantial evidence and legal error. *Garrison v. Colvin*, 759 F.3d 995, 1009-10 (9th Cir. 2014). We affirm.

The ALJ provided clear and convincing reasons supported by substantial evidence for rejecting Wood's testimony that his mental condition prevented him from focusing on tasks, leaving his house, being around other people, and working. *Molina v. Astrue*, 674 F.3d 1104, 1112 (9th Cir. 2012) (setting forth the clear and convincing standard). The testimony was inconsistent with mental health treatment records and daily living activities that established an ability to function at a higher level than Wood claimed at his hearing. *Id.* at 1113 (upholding an adverse credibility finding for similar inconsistencies).

The ALJ gave specific and legitimate reasons supported by substantial evidence for giving little weight to the opinions of three psychologists who examined Wood for state benefits, but who did not review his actual treatment records. *Garrison*, 759 F.3d at 1012 (requiring specific and legitimate reasons to give less weight to conflicting medical opinions). The opinions of those psychologists that Wood had marked to severe limitations in behavior, concentration, memory, and judgment were inconsistent with treatment notes documenting that Wood exhibited appropriate eye contact and behavior, clear and coherent speech, organized and intact thoughts and memory, fair to good judgment,

and good concentration. The ALJ's finding that Wood performed better when evaluated for treatment compared to examinations aimed at securing benefits is well-supported by the contrast between the opinions and treatment records. *Ghanim v. Colvin*, 763 F.3d 1154, 1161 (9th Cir. 2014) (holding that an ALJ may give less weight to medical opinions that conflict with treatment notes).

**AFFIRMED.**